**ALD-091**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2741
_____

MICHAEL RINALDI,
                             Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-01700)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
Janaury 26, 2012
Before:  SLOVITER, FISHER AND NYGAARD, Circuit Judges

(Opinion filed: February 3, 2012 )
_____

OPINION
_____

PER CURIAM

Michael Rinaldi, a federal prisoner, appeals from the District Court's dismissal of his complaint and denial of his motion for reconsideration. For the reasons that follow, we will summarily affirm the District Court's orders. See I.O.P. 10.6.

I.

Rinaldi filed a complaint in the District Court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. Rinaldi alleged that on September 5, 2008, he was assaulted by his cellmate in the Special Housing Unit ("SHU") at the Schuylkill Federal Correctional Institution, in Minersville, Pennsylvania. As a result of the assault, Rinaldi suffered a lost tooth and received seven stitches to his lip and chin. Rinaldi stated that Bureau of Prisons ("BOP") staff knew that his assailant was violent and mentally unstable, and that he had a history of assaulting other cellmates. Rinaldi asserted that the BOP was negligent in failing to separate him from his assailant prior to the assault because they were aware of his assailant's violent history.

The District Court granted the United States' motion to dismiss, agreeing that Rinaldi's claim is barred by the discretionary function exception to the FTCA's waiver of sovereign immunity. After the District Court denied Rinaldi's motion for reconsideration, he timely appealed to this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the applicability of the discretionary function exception to the waiver of sovereign immunity. See Mitchell v. United States, 225 F.3d 361, 362 (3d Cir 2000).

2

The FTCA offers a limited waiver of the federal government's sovereign immunity as to negligent acts of government employees acting within the scope of their employment. 28 U.S.C. § 2671, et seq. Thus, in certain circumstances, prisoners may invoke the FTCA to seek damages for injuries received while in confinement. United States v. Muniz, 374 U.S. 150, 153 (1963). However, the FTCA is subject to exceptions, such as the discretionary function exception. This exception provides that no liability shall lie for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." See 28 U.S.C. § 2680(a).

To determine whether the discretionary function exception to the waiver of immunity applies, a court must determine (1) whether the act involves an element of judgment or choice, rather than a course of action prescribed by a federal statute, regulation, or policy; and (2) even if the challenged conduct involves an element of judgment, whether that judgment is of the kind that the discretionary function exception was designed to shield. Mitchell v. United States, 225 F.3d at 363.

The BOP conduct at issue in this case--the alleged failure to protect Rinaldi from his assailant--is governed by a federal statute which requires the BOP to provide for the "protection" and "safekeeping" of inmates in its care. See 18 U.S.C. § 4042(a)(2), (3). As the District Court explained, however, this statute leaves the implementation of these duties to the discretion of BOP officials. Moreover, there is no federal statute, regulation

3

or policy that requires the BOP to take a particular course of action to ensure an inmate's safety from attacks by other inmates.

Accordingly, we agree with the District Court that the acts of the BOP officials in this case clearly involved an element of judgment or choice, thereby satisfying the first prong of the Mitchell analysis. See Cohen v. United States, 151 F.3d 1338, 1342 (11th Cir. 1998) (explaining that "even if § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception.").

As to the second prong of the applicable test, a judgment as to how best to protect one prisoner from attack by another "is of the kind that the discretionary function exception was designed to shield." Mitchell, 225 F.3d at 363; see, e.g., Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) (holding that prison administrators should be afforded wide-ranging deference in implementing and executing policies because discretion is needed to preserve internal discipline and maintain institutional security); Whitley v. Albers, 475 U.S. 312, 321-22 (1986) (prison officials have discretionary power over the safety of the institutions they operate). Indeed, courts have routinely held that federal prisoners' FTCA claims for injuries by fellow inmates are barred by the discretionary function exception. Calderon v. United States, 123 F.3d 947, 950-51 (7th Cir. 1997) (discretionary function exception applied to FTCA claim for government's failure to protect plaintiff from attack by cellmate); Cohen, 151 F.3d at 1340-45 (reversing

4

judgment in favor of prisoner who brought an FTCA action for injuries sustained as the result of an attack by another inmate).

In sum, because both prongs of the <u>Mitchell</u> test are satisfied here, we conclude that the District Court did not err in determining that Rinaldi's claim is barred by the discretionary function exception to the FTCA.

Accordingly, we will summarily affirm the orders of the District Court dismissing the complaint and denying the motion for reconsideration. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.